

June 30, 2021

**BY ECF**

Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

                            **RE**:    **_Carmelo Starrantino v. JP Morgan Chase Bank, N.A. et. al._**
                                      Docket No. 2:21-cv-03397-JMA-AKT

Dear Judge Azrack:

       We represent Plaintiff Carmelo Starrantino in connection with the above referenced matter, and write this letter to request a pre-motion conference, pursuant to your Honor's rules, regarding Mr. Starrantino's proposed motion to remand this case back to Nassau County Supreme Court and his proposed motion to file a supplemental summons and amended complaint. Further, in the interest of judicial economy and brevity, this letter will also act as a response to Defendant JPMorgan Chase Bank, N.A. ("Chase") correspondence dated June 23, 2021, seeking a pre-motion conference with respect to its proposed motion to dismiss the complaint (the "Chase Letter").

       While Chase goes to great lengths to discuss claims raised by a third-party in the marginally related matter of *Starrantino, et. al. v. Palm Contracting & Development LLC, et. al.* (N.Y. Cnty Sup. Ct. Index No. 653896/2019), it does little to discuss the case at bar.

       Namely, this action was originally commenced by the filing of a summons and verified complaint on May 6, 2021, in Nassau County Supreme Court bearing Index Number 605653/2021. (*See* Chase Letter at Ex. 1). After Chase was properly served, the parties executed a stipulation (attached hereto as **Exhibit A**) wherein Chase was given the courtesy of an extension of time to response to the complaint and waived any defense based upon service of process or personal jurisdiction. As Chase has already availed itself to the jurisdiction of the Nassau County Supreme Court by the execution of the stipulation this matter should be remanded too same.

Further, as Chase has not yet filed a responsive pleading, Plaintiff's time to amend the complaint as a right has not lapsed[1] (should the Court remand this matter back to state court) and/or Plaintiff should be granted leave to amend the complaint. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend the complaint "shall be freely given when justice so requires." As previously stated, this action is in its beginning stages, and it cannot be reasonably argued that Chase would face any undue prejudice.

To this end, Plaintiff seeks permission to amend his pleadings. Specifically, Plaintiff will replace the defendant "JOHN DOE" with Kyle Nielson, as well as the inclusion of causes of action based upon breach of fiduciary duty, aiding and abetting breach of fiduciary duty, breach of constructive trust and tortious interference of contract. (a copy of the Supplemental Summons and Amended Complaint is attached hereto as **Exhibit B**[2]).

Prior to Chase filing its notice of removal, Plaintiff was in the process of amending the complaint in State Court after he had ascertained the name of the Chase employee who facilitated the improper transfer of funds[3]. Mr. Nielson, being a resident of the state of New York, County of Nassau, should be allowed to litigate this matter in his forum state as no prejudice would befall Chase in doing so. Mr. Nielson will be taking the place of the "JOHN DOE" defendant that was properly served with process.

To address the argument surely to be raised by Chase that the addition of the new defendant is nothing more than gamesmanship, Plaintiff has properly pled various causes of action against Mr. Nielson, as outlined in the amended complaint, and his conduct makes him personally liable to Plaintiff (*see* **Ex. B**). Based on the foregoing it is respectfully submitted that this matter be remanded back to state Court where it can be properly litigated with no prejudice to any of the parties.

Turning now to Chase's letter regarding the proposed motion to dismiss, it first must be noted that "[c]ustomarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case." *Cantor Fitzgerald, L.P. v. Peaslee,* 88 F.3d 152,155 (2d Cir. 1996). Indeed, a motion to remand must first be addressed before a substantive motion, as such an application to dismiss for failure to state a cause of action. *County of Nassau v. New York*, 724 F.Supp. 2d 259 (E.D.N.Y. 2010).

As such, should this Court remand the matter back to State Court, there is no need or ability to make a determination on Chase's proposed motion to dismiss.

---

[1] While Plaintiff believes it outside the initial service date to amend his complaint under Rule 15(a), Plaintiff should be able to amend his complaint as a right once Chase's motion to dismiss has been filed. For judicial economy, Plaintiff request should be granted prior to the motion to dismiss moving forward.

[2] As stated, Plaintiff was in the process of amending the complaint prior to the matter being sent to Federal Court. Due to the time constraints associated with responding to Chase's letter, the form of the amended complaint is that of a New York state court action. Should leave be granted and this case not remanded back to its place of origin, Plaintiff will produce the amended complaint in the proper format.

[3] As noted by Chase in its Letter, discovery in the New York County action has, in essence, been completed and is in the process of being reviewed by counsel. It was during this review that the identity of the "John Doe" employee of Chase was revealed and an investigation into his location took place.

  Even if the Court were to entertain Chase's application, which it should not, Defendant has demonstrated a fundamental misunderstanding of the instant action. Mr. Starrantino is not seeking to recover funds on behalf of a third-party entity (i.e. Palm Contracting and Development LLC ). Plaintiff is seeking direct monetary recourse due to the improper actions of Chase and its violation of an agreement entered into between Plaintiff and Chase (*see* Chase Letter, Ex. 1 at ¶ 26). Mr. Starrantino is alleging that the agreement, while related to a third party, was entered into by Plaintiff individually, as a means of safeguarding his investment into the endeavor. As outlined in the amended complaint, Chase was aware of these provisions and agreed to safeguard Plaintiff's funds on his behalf.

  As Mr. Starrantino is seeking personal damages as a result of Chase's breach of contract, as well as damages related to additional caused of action as outlined in the amended complaint, it is without question that Plaintiff has standing to maintain this action.

  Finally, Plaintiff is compelled to address the 4th footnote contained in the Chase Letter regarding Plaintiff's cause of action relating to GBL§ 380-s. Defendant claims that this cause of action must fail, as a matter of law, as Plaintiff failed to allege either a violation of consumer credit reporting or identity theft. However, this is incorrect as Plaintiff explicitly alleged identity theft in the complaint. (*see* Chase Letter, Ex. 1 at ¶ 33).

  Based on the foregoing, should the court deny Plaintiff's request to remand back to State Court, Chase's application to dismiss for lack of standing must also be denied.

                 Very truly yours,

                 /s/ David R. Smith

                 David R. Smith
                 The David R. Smith law Group PLLC

cc:  Chase's counsel via ECF and email.